Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2996 | **DATE** | 1/29/2003 |
| **CASE TITLE** | Hakeem El Bey, et al vs. Daniel M. Zajeski, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The motions of Defendants Zajeski and the Village of South Holland to dismiss (Doc. 6-1) and for summary judgment (Doc. 5-1) are granted. Plaintiff's motion to strike (Doc. 9-1, 16-1) and for summary judgment (Doc. 17-1) are denied. Plaintiff El Bey's claims are dismissed with prejudice as against Defendants Zajeski and the Village of South Holland, and without prejudice as against the unserved "John Doe" Defendants. Claims of purported Plaintiffs Muhammad and Edwards are dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 3 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 2d |
| | Mail AO 450 form. | U.S. ~~~~~ COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/29/2003 | |
| | | | date mailed notice | |
| ETV | courtroom deputy's initials | ~~~~~~~~~~~ | ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEM EL BEY, MARSHA MUHAMMAD, ERNESTINE EDWARDS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 02 C 2996 |
| DANIEL M. ZAJESKI, SOUTH HOLLAND CHIEF OF POLICE, JOHN DOE OFFICERS NOS. 1-5, CITY OF SOUTH HOLLAND, | ) ) ) ) ) | Judge Rebecca R. Pallmeyer |
| Defendants. | ) | |



## MEMORANDUM OPINION AND ORDER

Hakeem El Bey ("El Bey") brought this *pro se* action purporting to represent his wife, Marsha Muhammad ("Muhammad"), his daughter, Ernestine Edwards ("Edwards"), as well as himself.[1] In a second amended complaint, El Bey alleges that Village of South Holland ("South Holland" or "Village") police officers illegally arrested and detained Muhammad and Edwards, and seized El Bey's car, in violation of their civil rights. The amended complaint names as Defendants the Village, the Chief of Police Daniel M. Zajeski ("Zajeski") and five "John Doe" police officers (collectively "Defendants"). Before this court are Defendant Zajeski and the Village's motion for summary judgment and El Bey's motion for summary judgment. El Bey's complaint seeks relief from the Defendants for violation of his civil rights under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 as well as the Treaty of Peace and Friendship Between Morocco and the United States of America of 1787, the United Nations Rights of Indigenous People, the United Nations Declaration of the Rights of the Child, and the Great Seal Moorish Federal Republic Zodiac Constitution.[2] For the

---

[1] Although the caption in El Bey's most recent amended complaint lists only his name as a plaintiff, he refers to Muhammad and Edwards throughout the complaint as "Plaintiff #1" and "Plaintiff #2," respectively.

[2] As to these unusual, non-federal claims, the court dismisses them as frivolous under
(continued...)

following reasons, summary judgment is granted to Zajeski and the Village.

The facts are as follows. On March 12, 2002, Muhammad and Edwards were driving in Calumet City and were pulled over by the five John Doe police officers. (Amended Complaint ¶¶ 2, 3.) Edwards and Muhammad were frisked, and their blouses pulled up. (Id. ¶ 4.) Edwards was arrested for theft of an automobile and taken to the South Holland Police Station, while another officer took the car Muhammad and Edwards were driving and drove it to the same station. (Id. ¶¶ 9, 10, 15.) Muhammad, left alone at the scene, called El Bey, who came to pick her up. (Id. ¶¶ 12-14.) It took the two a few hours before they learned Edwards had been taken to South Holland, rather than the Calumet City police station. They proceeded to the South Holland station where they told officers that Muhammad could prove she owned the car, and that the car was "in litigation."[3] (Id. ¶ 17.) Upon Muhammad and El Bey's arrival at the police station, Muhammad was

---

[2](...continued)
28 U.S.C. § 1915(d). El Bey has offered no evidence that these claims have an arguable basis in fact or law, and therefore they may be dismissed *sua sponte*. *House v. Belford*, 956 F.2d 711, 719 (7th Cir. 1992).

[3] El Bey has not provided the court with proof that he was involved in litigation regarding the seized automobile. Exhibit B to his amended complaint, a one page motion call entry, reflects that Marsha Muhammad was sued in the Circuit Court of Cook County by Americredit Financial Services, Inc. (Motion Call Entry of 3/21/02, Ex. B to Amended Complaint.) The date on the document is March 21, 2002, nine days after the incident at the South Holland police station. The "call date" on the entry is March 27, 2002. In an undated letter to Zajeski, El Bey claims to have shown the John Doe officers paperwork proving that the car was in litigation; but he could not have shown them the March 21 document and has not explained what he did present. (Letter to Zajeski from El Bey, undated, Ex. C to Amended Complaint.) El Bey's letter recounted the events of March 12, 2002, and stated that "your officers violated my daughter's constitutional right." The letter demanded that Zajeski send El Bey the names of the John Doe officers who seized the automobile, and warned that if El Bey did not receive the information within five days, he would file a federal action. (Id.) No other document in the record makes any reference to "litigation" involving the automobile. Deputy Chief William Stegenga, who was not named as a Defendant, responded to El Bey's letter by saying that he had investigated the allegations and determined that no South Holland police officers were involved in the stop or detention. He informed El Bey that members of the South Suburban Auto Theft Intradiction Network had conducted the stop and had used the South Holland facility to conduct their investigation. He ended his letter with an offer to contact Sergeant Eric Norwood of the Illinois State Police, and included his address. (Letter from Stegenga to El Bey, undated, Ex. E to Amended Complaint.) There is no indication that El Bey responded
(continued...)

then taken by one of the John Doe officers to the back of the station and arrested for "writing a bad check and stealing the Automobile [sic]." (*Id.* ¶ 21.) El Bey waited for several hours; Edwards was released after being held in custody for five hours, and Muhammad was released after seven and a half hours. (*Id.* ¶¶ 22, 26, 30.) Edwards told El Bey that the police had a large file and photograph of him, and that the officers made her show them where El Bey lived. (*Id.* ¶ 24.) The John Doe officers asked El Bey to leave, and in response to El Bey's inquiry about the seized automobile, one officer replied, "You're not getting anything, the automobile is stolen, and you'll never see it again." (*Id.* ¶ 29.)

According to Defendants Zajeski and the Village's Local Rule 56.1 Statement of Facts, Muhammad and Edwards were taken into custody on March 12, 2002 as part of an investigation into a stolen automobile. The arresting officers were members of the South Suburban Auto Theft Intradiction Network ("SSATIN"), a multi-jurisdictional task force made up of members of various law enforcement agencies and operating under the auspices of the Illinois State Police. SSATIN used the South Holland Police Department's lock-up to conduct its investigation, but no member of the South Holland department participated in, or had any control over the investigation. (Defendants' Local Rule 56.1 Statement of Material Undisputed Facts ¶¶ 1-4.)

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(c); *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 291 (7th Cir. 1998). Unsupported assertions of fact are insufficient to defeat summary judgment. *Ilbardt v. Sara Lee Corp.*, 118 F.3d 1151, 1152 n. 1 (7th Cir. 1997). As explained below, the court concludes that

---

[3](...continued)
to Stegenga's letter.

there are no disputes concerning material facts and that Defendants are entitled to summary judgment in their favor.

**El Bey is the Sole Plaintiff in this Lawsuit**

The caption on El Bey's most recent amended complaint lists only his name, but El Bey refers to Muhammad and Edwards throughout the complaint as "Plaintiff #1" and "Plaintiff #2," respectively. Neither Muhammad nor Edwards signed the most recent complaint, although each signed affidavits verifying its contents. Even if they had signed the complaint, the court would not permit El Bey to represent them. In federal court, a party may proceed either *pro se* (as El Bey has chosen) or through an attorney. 28 U.S.C. § 1654. A *pro se* litigant is not empowered to proceed on behalf of anyone other than himself. *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). Therefore El Bey is the sole plaintiff in this matter.

**El Bey Does Not Have Standing**

Before proceeding to the merits, Article III courts must satisfy themselves that certain jurisdictional requirements have been met. At this stage in the proceedings, where both El Bey and certain defendants have moved for summary judgment, it appears that El Bey lacks standing, a deficiency which deprives the court of jurisdiction. To establish standing, a plaintiff must show (1) injury in fact, meaning an invasion of a legally protected interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of such that the injury is fairly traceable to the defendant's actions; and (3) that a favorable decision is likely to redress this injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 527 (7th Cir. 2001). This requirement, imposed by Article III, § 2 of the Constitution, "'subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998),

4

*quoting Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer,* 523 U.S. at 7, *quoting Lewis,* 494 U.S. at 477.

The allegations made in El Bey's complaint might have survived a motion to dismiss, but the court concludes El Bey has not substantiated his claims with enough evidence to overcome a motion for summary judgment. El Bey's complaint boils down to an allegation that he was injured because the police illegally seized his car, but he has offered no proof of such facts. El Bey has offered no evidence that the car seized by the police even belonged to him. Exhibit D to the complaint is a copy of a contract for a car trade-in. All that this contract demonstrates is that on August 13, 2001, Muhammad traded in a 2001 Dodge Neon for a 2001 Hyundai Santa Fe. (Automobile Contract, Ex. D to Amended Complaint.) The only signature on the contract is Muhammad's; El Bey has offered no proof that he was an owner of the car. Nor has El Bey offered any evidence that the 2001 Hyundai was the same car the John Doe officers seized on March 12, 2002. This is insufficient to meet the first standing requirement - an invasion of a legally protected interest. *Lujan,* 504 U.S. at 560-61. It is possible that Muhammad and/or Edwards have viable claims, but the plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499 (1975). Although only Zajeski and the city have moved for summary judgment, this analysis holds true for the John Doe defendants as well. Therefore El Bey's complaint is dismissed as to all seven defendants.

Even if the court were to assume that the car did belong to El Bey (for example as marital property) and that the Hyundai was indeed the vehicle seized on March 12, 2002, summary judgment for Zajeski and the Village would still be proper. It is undisputed that Zajeski did not have personal knowledge of the John Doe officers' actions on March 12, 2002. The John Doe officers

5

were not South Holland employees, but rather members of an automobile theft task force who utilized space in the South Holland Police Department that day. El Bey has offered no evidence tying Zajeski or the Village to the actions of the John Doe officers. This defeats his case in two ways. One, under the standing analysis outlined above, El Bey has failed to show that the injury he suffered (if any) is fairly traceable to Zajeski or the Village. Alternatively, El Bey has failed to offer proof of any participation on Zajeski's part in the alleged civil rights violations. There is no indication that Zajeski supervised the John Doe officers' activities. Even if there were, Zajeski would not be liable; a supervisor may not be held liable under § 1983 without a showing that he participated in or approved of the particular actions of the officers. There is no *respondeat superior* liability under § 1983. *Monell v. Dept. of Soc. Services*, 436 U.S. 658, 690-91 (1978). El Bey has made no showing that Zajeski had any knowledge of this particular incident; thus, he cannot show that Zajeski intentionally violated his constitutional rights. With regard to El Bey's claims against the Village, he has offered no evidence that the Village had a policy or practice of unlawfully seizing individuals' automobiles. Under *Monell*, this is enough to doom his § 1983 claim. El Bey's § 1983 claims are therefore dismissed.

El Bey's complaint accuses Defendants of conspiring against him, thus his § 1985 claim may be viewed as a claim under § 1985(3). To survive Defendants' summary judgment motion, El Bey must provide evidence of a conspiracy to deprive him of the equal protection of the laws, an overt act in furtherance of the conspiracy, and an injury to El Bey's person or property in deprivation of a right or privilege of U.S. citizenship. *Craig v. Cohn*, 80 F. Supp.2d 944, 947 (N.D. Ind. 2000) (citation omitted). El Bey has not fulfilled these requirements, and therefore this claim is dismissed. Because El Bey's § 1985 claim must be dismissed, so too is his claim under § 1986. Without evidence creating a material issue of fact regarding the existence of a § 1985 conspiracy, El Bey's § 1986 claim cannot withstand summary judgment. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1258 n. 67 (7th Cir. 1984) ("Section 1986 is a companion section to Section 1985,

predicated upon the finding of a Section 1985 conspiracy, and not a distinct cause of action.").

Finally, given that El Bey is clearly not a prevailing party, and because of his status as a *pro se* litigant, he is not entitled to attorneys' fees under 42 U.S.C. §1988. *Kay v. Ehrler,* 499 U.S. 432, 435 (1991).

## CONCLUSION

The motions of Defendants Zajeski and the Village of South Holland to dismiss (Doc. 6-1) and for summary judgment (Doc. 5-1) are granted. Plaintiff's motions to strike (Doc. 9-1, 16-1) and for summary judgment (Doc. 17-1) are denied. Plaintiff El Bey's claims are dismissed with prejudice as against Defendants Zajeski and the Village of South Holland, and without prejudice as against the unserved "John Doe" Defendants. Claims of purported Plaintiffs Muhammad and Edwards are dismissed without prejudice.

ENTER:

Dated: January 29, 2003

REBECCA R. PALLMEYER
United States District Judge